FILED

2017 APR 24 PM 3:56

US DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO, FLORIDA

**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**ORLANDO DIVISION**

PETER COSTA, a foreign subject,

Plaintiff,

vs.

TREEHOUSE ISLAND, INC., a Florida corporation,

Defendant.

Case No.: 6:17-cv-727-Orl-28KRS

**COMPLAINT**

**INJUNCTIVE RELIEF DEMANDED**
**JURY TRIAL DEMANDED**

Plaintiff, PETER COSTA, sues Defendant, TREEHOUSE ISLAND, INC., and alleges as follows:

**NATURE OF THE ACTION**

1. This is an action for both injunctive relief and money damages for common law trademark infringement and common law unfair competition.

**PARTIES**

2. Plaintiff, PETER COSTA, is *sui juris* and is an adult citizen of Switzerland.

3. Defendant, TREEHOUSE ISLAND, INC., is a Florida corporation, with its principal place of business located in the State of Florida.

**SUBJECT MATTER JURISDICTION**

4. The court has subject matter jurisdiction over this action, pursuant to 28 U.S.C. § 1332(a) because this action is between citizens of a foreign state and a citizen of the

State of Florida, and the amount in controversy exceeds the sum of $75,000.00, exclusive of attorneys' fees, prejudgment interests, and costs.

**PERSONAL JURISDICTION**

5. This court has general *in personam* jurisdiction over Treehouse Island because it is a Florida citizen, who resides in this State.

**VENUE**

6. Venue is proper in this court, pursuant to 28 U.S.C. § 1391(b) because Treehouse Island resides in this district, a substantial part of the events or omissions giving rise to this action occurred in this district, and Treehouse Island is subject to *in personam* jurisdiction in this district.

**GENERAL FACTUAL ALLEGATIONS**

7. Treehouse Island has an office in Orlando, Florida, and it assists consumers with learning web design and coding. Treehouse Island does this through course instruction on both its website and through its app that is currently available in the Apple Store and Google Play Store.

8. Costa has international trademark rights to the "Treehouse" mark, which appears in interstate and foreign commerce as follows:

9. Costa registered the Treehouse mark in Switzerland in 2008 under the Madrid Protocol, which designated trademark protection in the European Union. Costa has trademark protection, as a matter of the Madrid Protocol, in the following countries:

Switzerland, Austria, Belgium, Bulgaria, Croatia, Cyprus, Czech Republic, Denmark, Estonia, Finland, France, Germany, Greece, Hungary, Ireland, Italy, Latvia, Lithuania, Luxembourg, Malta, Netherlands, Poland Portugal, Romania, Slovakia, Slovenia, Spain, and Sweden.

10. The Treehouse mark claims protection in international classification numbers 09, 35, and 42.

11. Costa developed an Android app based on a SMS-triggered alarm system.

12. Since 2010, the app, which bears the Treehouse mark, has been available for download at the Google Play store, worldwide. To date, both United States and foreign consumers have downloaded the Treehouse app approximately 350,000 times, and it currently has a download rate of approximately 2,000 times per month.

13. Treehouse Island filed for trademark protection with the United States Patent & Trademark Office (USPTO) on June 8, 2011, claiming "Treehouse" as a standard character mark in international classification numbers 09 and 41. Treehouse Island attained registration from the USPTO on March 4, 2014.

14. Treehouse filed for trademark protection with the USPTO on March 5, 2013, claiming a design mark in international classification numbers 09 and 41. Treehouse Island attained registration of the design mark on October 8, 2013, and the design mark appears in interstate and foreign commerce as follows:

treehouse™

15. Treehouse Island also developed an app.

16. Upon information and belief, Treehouse Island launched their app in the Apple Store in July 2013 and in the Google Play Store in September 2014.

17. Treehouse Island's app appears for download, among other places, in the Apple Store and available for download in Switzerland, Austria, Belgium, Bulgaria, Croatia, Cyprus, Czech Republic, Denmark, Estonia, Finland, France, Germany, Greece, Hungary, Ireland, Italy, Latvia, Lithuania, Luxembourg, Malta, Netherlands, Poland Portugal, Romania, Slovakia, Slovenia, Spain, and Sweden.

18. Treehouse Island's app bears the Treehouse mark.

19. In 2017, the Apple Store refused to permit Costa to register his Treehouse app for download in the Apple Store, stating:

> Your app or its metadata contains misleading content. Specifically, your app creates a misleading association with Treehouse [Island].

20. Upon receipt of the rejection from Apple Store, Costa contacted Treehouse Island and demanded removal of the Treehouse Island App from the Apple store.

21. Treehouse Island then sought to enter into a contract with Costa whereby Treehouse Island wanted Costa to market its app in Switzerland. Contractual negotiations failed, however, when Treehouse Island refused to compensate Costa per his desired terms.

22. All general and statutory conditions precedent to this action have either occurred or have been waived by operation of law.

23. Costa retained the law firm of Watson LLP to represent his interests in this proceeding, and are obligated to pay such firm reasonable attorneys' fees for its legal

services. Costa may recover his attorneys' fees and costs from Treehouse Island, pursuant to Section 501.2105, Florida Statutes.

## COUNT I
## COMMON LAW TRADEMARK INFRINGEMENT

24. Costa re-alleges and incorporates the allegations contained in paragraphs 2 through 23, as though fully set forth herein.

25. Costa has trademark rights in the Treehouse mark in the United States as a matter of common law, and as recognized under the Paris Convention Treaty.

26. Costa's trademark rights preceded those of Treehouse Island to the Treehouse mark.

27. Treehouse Island adopted a confusingly similar mark by using its Treehouse mark in the Google Play Store and Apple Store, in intrastate, interstate, and foreign commerce.

28. Such use has actually caused consumer confusion. In fact, several consumers have contacted Costa and complained that his app did not perform as advertised. The reason for this is because such consumers were actually confused between Costa's Treehouse App and Treehouse Island's Treehouse App, both of which bear the Treehouse mark.

29. Costa has suffered damages.

**WHEREFORE,** Plaintiff, PETER COSTA, demands judgment against Defendant, TREEHOUSE ISLAND, INC., and seeks the entry of an order enjoining Treehouse Island, and all persons acting in concert from infringing Costa's common law trademark; directing Treehouse Island to remove its app from the Apple Store in Switzerland, Austria, Belgium, Bulgaria, Croatia, Cyprus, Czech Republic, Denmark, Estonia, Finland, France, Germany,

Greece, Hungary, Ireland, Italy, Latvia, Lithuania, Luxembourg, Malta, Netherlands, Poland Portugal, Romania, Slovakia, Slovenia, Spain, and Sweden, where Costa owns the Treehouse mark; awarding actual damages; and, any such further relief available at law and equity.

**COUNT II**
**UNFAIR AND DECEPTIVE TRADE PRACTICES**
**UNDER CHAPTER 501.204, *et. seq.*, FLORIDA STATUTES**

30. Costa re-alleges and incorporates the allegations contained in paragraphs 2 through 23, as though fully set forth herein.

31. Treehouse Island engaged in deceptive and unfair trade practices by refusing to remove its app from the Apple Store in Switzerland, Austria, Belgium, Bulgaria, Croatia, Cyprus, Czech Republic, Denmark, Estonia, Finland, France, Germany, Greece, Hungary, Ireland, Italy, Latvia, Lithuania, Luxembourg, Malta, Netherlands, Poland Portugal, Romania, Slovakia, Slovenia, Spain, and Sweden.

32. By refusing to remove its app, Treehouse Island has misappropriated Costa's property right: Costa's goodwill in the Treehouse mark.

33. There are consumers of Treehouse Island's app that associate the Treehouse mark with the app owned by Costa that bears the Treehouse mark.

34. Costa has suffered actual damages, proximately caused by Treehouse Island's refusal to remove its app from the Apple Store in those jurisdictions where Costa owns the trademark rights to the Treehouse mark.

**WHEREFORE,** Plaintiff, PETER COSTA, demands judgment against Defendant, TREEHOUSE ISLAND, INC., and seeks the entry of an order enjoining Treehouse Island, and all persons acting in concert from infringing Costa's common law trademark; directing

Treehouse Island to remove its app from the Apple Store in Switzerland, Austria, Belgium, Bulgaria, Croatia, Cyprus, Czech Republic, Denmark, Estonia, Finland, France, Germany, Greece, Hungary, Ireland, Italy, Latvia, Lithuania, Luxembourg, Malta, Netherlands, Poland Portugal, Romania, Slovakia, Slovenia, Spain, and Sweden, where Costa owns the Treehouse mark; awarding actual damages; a recovery of attorneys' fees and costs, pursuant to Section 501.2105, Florida Statutes, and, any such further relief available at law and equity.

**DATED** this 24th day of April, 2017

Respectfully submitted,

**Coleman W. Watson, Esq.**
Florida Bar. No. 0087288
California Bar No. 266015
Georgia Bar No. 317133
New York Bar No. 4850004
Email: coleman@watsonllp.com
courtney@watsonllp.com
docketing@watsonllp.com
**Ronika J. Carter, Esq.**
Florida Bar No. 0122358
Email: ronika@watsonllp.com

**WATSON LLP**
189 S. Orange Avenue, Suite 810
Orlando, FL 32801
T: 407.377.6634
F: 407.377.6688

*Attorneys for Plaintiff,*
PETER COSTA